United States District Court
For the Northern District of California

1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8

RICK DELAGARZA, et al.,                          No. C 09-5803 MHP

9
                      Plaintiffs,
10
                                                 **MEMORANDUM & ORDER**
      v.
11                                               **Re:  Defendant's Motion to Transfer or Stay**

TESORO REFINING AND MARKETING
12   COMPANY,

13                    Defendant.
                                            /
14

15          Plaintiffs brought this putative class action against defendant alleging violations of various

16   labor laws.  Now before the court is defendant's motion to transfer venue, or alternatively, to stay

17   the proceedings.  Having considered the parties submissions and arguments, and for the reasons set

18   forth below, the court enters the following memorandum and order.

19

20   BACKGROUND

21   I.     USW ACTION

22          On April 25, 2008, the United Steel, Paper & Forestry, Rubber, Manufacturing, Energy,

23   Allied Industrial & Service Workers International Union, AFL-CIO, CLC (the "Union"), and two

24   individuals, Richard Floyd and Eduardo Carbejal, filed a putative class action against Shell Oil

25   Company, Equilon Enterprises LLC dba Shell Oil Products US, and Tesoro (the "USW" action), in

26   the California Superior Court for the County of Los Angeles.  The action was removed to the

27   District Court for the Central District of California. Case No. CV 08-03693-RGK(Ex).  The

28   complaint in that action alleged meal and rest period violations, failure to provide complete and

accurate wage statements, failure to pay all wages due at the time of discharge or resignation under state wage and hour laws, and violations of California's Unfair Competition Law ("UCL").  The principal allegation is that defendants failed to provide plaintiffs uninterrupted 30-minute meal periods because they were not allowed to leave the refinery during breaks and remained "on call" during their breaks.

The Union, Floyd and Carbejal brought these claims on behalf of a proposed statewide class of similarly situated current and former employees of Shell and Tesoro who had worked at three separate refineries—the Los Angeles refinery, which was owned by both Shell and Tesoro at different times during the relevant limitations period ("Los Angeles refinery"), Tesoro's Golden Eagle refinery and chemical plant located in Martinez, California ("Golden Eagle refinery"), and Shell's separate Martinez refinery ("Martinez refinery").  Floyd and Carbejal have worked at the Los Angeles refinery only.

On June 5, 2009, Tesoro filed counterclaims against the Union, alleging that the Union was jointly or contributorily liable for any violations of the meal or rest period laws by Tesoro because the Union had, by entering into collective bargaining agreements with Tesoro, undertaken a responsibility to ensure the health and safety of Tesoro's employees.  In its counterclaims, Tesoro alleged breach of contract by the Union and sought indemnity or contribution, and rescission or reformation of the collective bargaining agreements.

On July 1, 2009, the Union, Floyd and Carbejal filed a motion for class certification, seeking to certify two separate classes of employees.  The putative class members included current, former and future employees who occupied seven different positions.  In its opposition, Tesoro argued that the Los Angeles refinery and the Golden Eagle refinery each have their own management, human resources department, operating procedures, labor contracts, unit, shifts and break practices.  Tesoro also argued that Golden Eagle employees have worked under four collective bargaining agreements and Los Angeles employees have worked under two.  On August 21, 2009, the district court denied class certification, finding that:

> Plaintiffs seek to certify two classes, comprised of employees of three separate refineries that are owned by two different companies, who each have a separate

2

collective bargaining agreements [sic] with USW.  In fact, one of those refineries, the Los Angeles Refinery, had a change in ownership from Shell/Equilon to Tesoro during the relevant time period.  Moreover, the proposed classes consist of workers who occupy at least seven different job titles, each with differing duties and responsibilities.  Defendants likely promised these employees differing wages, based on their respective duties and responsibilities.  In light of these facts, the Court finds that managing such a class would be rife with difficulties because each member's damages would likely vary substantially.  Determination of such damages would involve individualized assessments that are not conducive to class treatment.

Therefore, Plaintiffs have failed to meet their burden of establishing that class resolution is a superior method of adjudicating this matter, as required for certification under Rule 23(b)(3).

On August 27, 2010, the Union's claims against defendants were dismissed for lack of standing.  Concurrently, the Union was granted summary judgment on all of defendants' cross-claims against the Union.  Consequently, the Union is no longer involved in the Central District action.  Trial on Floyd and Carbejal's individual claims, to the extent they have not been adjudicated on summary judgment, is scheduled for October 12, 2010.

II.      THE ACTIONS IN THIS DISTRICT

After denial of class certification in the Central District action, on November 17, 2009, individual employees of Shell and Tesoro filed two new putative class actions in Contra Costa County Superior Court, alleging meal period violations, failure to pay all wages due at the time of discharge or resignation, and violations of the UCL.  The Union is a not a party to either of these actions, but the individual plaintiffs in these actions are members of the Union that was prosecuting the Central District action.

The instant action is one of these two actions, which was filed on behalf of Tesoro's employees at the Golden Eagle refinery.  The other action was filed on behalf of Shell's employees at the Martinez refinery (No. C 09-05876 CW, "the Gardner action").  Shell and Tesoro removed both these actions to this District based on the Class Action Fairness Act.  Judge Wilken, who was assigned to the Gardner action issued a *sua sponte* notice to this court to consider whether that action should be related to this action.  This court found the two actions not related.

Individual plaintiffs have also filed two other putative class actions in state court in Los Angeles with respect to labor practices at the Los Angeles refinery, one against Shell and the other

3

**United States District Court**
For the Northern District of California

1  against Tesoro.  One of these actions was removed to the Central District of California; however, it

2  was found not to be related to the USW action.

3

4  LEGAL STANDARD

5      "For the convenience of parties and witnesses, in the interest of justice, a district court may

6  transfer any civil action to any other district or division where it might have been brought."  28

7  U.S.C. § 1404(a).  A motion to transfer venue lies within the broad discretion of the district court.

8  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org., Inc. v.*

9  *Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

10      District courts use a two-step analysis to determine whether a transfer is proper.  The

11  threshold question under Section 1404(a) requires the court to determine whether the action could

12  have been brought in the forum to which the transfer is sought.  28 U.S.C. § 1404(a); *Hatch v.*

13  *Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  If venue would be appropriate in the would-be

14  transferee court, then the court must make an "individualized, case-by-case consideration of

15  convenience and fairness."  *Jones*, 211 F.3d at 498.

16

17  DISCUSSION

18      Defendant seeks transfer of this action to the Central District of California.  The gravamen of

19  defendant's argument is that the Union is already pursuing the claims at issue here in the Central

20  District action.  The Union, however, was recently dismissed from the Central District action.

21  Moreover, the collective bargaining agreements that may be implicated in this action are also no

22  longer at issue in the Central District action since summary judgment was granted in favor of the

23  Union with respect to all of counterclaims brought by the defendants in the USW action.

24  Consequently, even if defendant's defense will rely upon the collective bargaining agreements

25  related to the defendant-owned Golden Eagle refinery, there is no risk of inconsistent judgments

26  since the agreements related to that refinery are no longer at issue in the Central District action.

27

28
                                         4

United States District Court

For the Northern District of California

1        Numerous factors demonstrate that transfer is improper.  The Golden Eagle refinery is

2 located in this judicial district; consequently, all the events at issue took place within this District

3 and all the employees are likely located here.  Moreover, the collective bargaining agreements

4 regarding the refinery appear to have been negotiated, executed and performed here.  Although the

5 substantive law implicated by this action is similar to the law implicated by the Central District

6 action, the witnesses, proposed class and application of the law to facts could all be very different.

7 Indeed, there appears little factual overlap between this action and the Central District action.

8 According to defendant, the Los Angeles refinery and the Golden Eagle refinery each have their own

9 management, human resources department, operating procedures, labor contracts, unit, shifts and

10 break practices.  The duplicative nature of discovery is irrelevant, as appropriate discovery must be

11 conducted independent of whether this action is venued in the Central District or in this District.

12        It is also unclear what judicial efficiency, if any, will result if the claims in this action are

13 heard in the Central District.  Indeed, it appears that no judicial efficiency will be created through

14 transfer as Judge Klausner in the Central District is unlikely to consider this action related to the

15 USW action.  Recently, he refused to accept the transfer of a similar action pertaining to the Los

16 Angles refinery, stating:  "Different plaintiff; different facts; different damages.  Just same defendant

17 being sued."  Docket No. 74 (Order).

18        For the foregoing reasons, transfer would not be in the interests of justice.  For the same

19 reasons, the court exercises its discretion to deny defendant's motion to stay the proceedings.  Due to

20 this holding, the court does not reach plaintiffs' argument that venue for this action is not proper in

21 the Central District of California.

22 CONCLUSION

23        Defendant's motion to transfer, or alternatively, to stay the proceedings, is DENIED.

24        IT IS SO ORDERED.

25

Dated: September 3, 2010

26                                    MARILYN HALL PATEL
                                    United States District Court Judge

27                                     Northern District of California

28