UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK DELAGARZA, PAUL GUTIERREZ, SAL LUCIDO, APRIL MOORE, and CHARLES GRIMMETT, individually amd on behalf of all similarly situated current and former employees,<br><br>        Plaintiffs,<br><br>  v.<br><br>TESORO REFINING AND MARKETING COMPANY and DOES 1 through 20, inclusive,<br><br>        Defendants. / | No.    CV 09-05803 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re:** Plaintiffs' Motion for Leave to File a Fourth Amended Complaint to Add or, in the Alternative, Intervene Plaintiff |

   Plaintiffs brought this putative class action against defendants alleging violations of various labor laws.  Now before the court is plaintiff's motion for leave to file a fourth amended complaint to add or, in the alternative, intervene plaintiff.  Having considered the parties submissions and arguments, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

I.   USW

   On April 25, 2008, the United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC (the "Union"), and two individuals, Richard Floyd and Eduardo Carbajal, filed a putative class action against Shell Oil Company, Equilon Enterprises LLC dba Shell Oil Products US, and Tesoro (the "USW" action).

The complaint alleged meal and rest period violations, failure to provide complete and accurate wage statements, failure to pay all wages due at the time of discharge or resignation under state wage and hour laws, and violations of California's Unfair Competition Law ("UCL"). The principal allegation is that defendants failed to provide plaintiffs uninterrupted 30-minute meal periods because they were not allowed to leave the refinery during breaks and remained "on call" during their breaks.

The Union, Floyd and Carbajal brought these claims on behalf of a proposed statewide class of similarly situated current and former employees of Shell and Tesoro who had worked at three separate refineries—the Los Angeles refinery, which was owned by both Shell and Tesoro at different times during the relevant limitations period ("Los Angeles refinery"), Tesoro's Golden Eagle refinery and chemical plant located in Martinez, California ("Golden Eagle refinery"), and Shell's separate Martinez refinery ("Martinez refinery"). Floyd and Carbajal have worked at the Los Angeles refinery only.

On June 5, 2009, Tesoro filed counterclaims against the Union, alleging that the Union was jointly or contributorily liable for any violations of the meal or rest period laws by Tesoro because the Union had, by entering into collective bargaining agreements with Tesoro, undertaken a responsibility to ensure the health and safety of Tesoro's employees. In its counterclaims, Tesoro alleged breach of contract by the Union and sought indemnity or contribution, and rescission or reformation of the collective bargaining agreements.

On July 1, 2009, the Union, Floyd and Carbajal filed a motion for class certification, seeking to certify two separate classes of employees. The putative class members included current, former and future employees who occupied seven different positions. In its opposition, Tesoro argued that the Los Angeles refinery and the Golden Eagle refinery each have their own management, human resources department, operating procedures, labor contracts, unit, shifts and break practices. Tesoro also argued that Golden Eagle employees have worked under four collective bargaining agreements and Los Angeles employees have worked under two. On August 21, 2009, the district court denied class certification, finding that:

2

Plaintiffs seek to certify two classes, comprised of employees of three separate refineries that are owned by two different companies, who each have a separate collective bargaining agreements [sic] with USW. In fact, one of those refineries, the Los Angeles Refinery, had a change in ownership from Shell/Equilon to Tesoro during the relevant time period. Moreover, the proposed classes consist of workers who occupy at least seven different job titles, each with differing duties and responsibilities. Defendants likely promised these employees differing wages, based on their respective duties and responsibilities. In light of these facts, the Court finds that managing such a class would be rife with difficulties because each member's damages would likely vary substantially. Determination of such damages would involve individualized assessments that are not conducive to class treatment.

Therefore, Plaintiffs have failed to meet their burden of establishing that class resolution is a superior method of adjudicating this matter, as required for certification under Rule 23(b)(3).

On August 27, 2010, the Union's claims against defendants were dismissed for lack of standing. Concurrently, the Union was granted summary judgment on all of defendants' cross-claims against the Union. Consequently, the Union is no longer involved in the Central District action.

## II. This Action/Gardner

After denial of class certification in the Central District action, on November 17, 2009, individual employees of Shell and Tesoro filed two new putative class actions in Contra Costa County Superior Court, alleging meal period violations, failure to pay all wages due at the time of discharge or resignation, and violations of the UCL. The Union is a not a party to either of these actions, but the individual plaintiffs in these actions are members of the Union that was prosecuting the Central District action.

The instant action is one of these two actions, which was filed on behalf of Tesoro's employees at the Golden Eagle refinery. The other action was filed on behalf of Shell's employees at the Martinez refinery (No. C 09-05876 CW, "the Gardner action"). Shell and Tesoro removed both these actions to the U.S. District for the Northern District of California based on the Class Action Fairness Act. Judge Wilken in the Northern District of California issued a *sua sponte* notice to this court to consider whether the Gardner action should be related to this action. This court found the two actions not related.

3

On September 3, 2010, the court denied defendant's motion to transfer this action to the Central District. Thereafter on October 25, 2010, the parties stipulated to plaintiffs' filing of a third amended complaint ("TAC"). Docket No. 78 (Stipulation). On October 28, 2010, plaintiff filed the TAC adding Antonio Garcia as a named plaintiff and representative of putative class members who are or have been employed at the Golden Eagle chemical plant.

Plaintiffs seek to file a fourth amended complaint to add, or in the alternative, intervene Brian Cashwell, a present member of the putative class, as a named plaintiff and class representative. Current named plaintiff Rick Delagarza no longer wishes to serve as a proposed class representative, and plaintiffs would like to include Cashwell in order to provide for continuity of representation. Specifically, Delagarza is the only named plaintiff and class representative who worked in a process unit and as a shift safety inspector. Plaintiffs would like to replace Delagraza with Cashwell, who also worked in a process unit and currently works as a shift safety inspector.

LEGAL STANDARD

A party may amend a pleading once as a matter of course and thereafter only by consent of the opposing party or by leave of the court. Fed.R.Civ.P. 15(a)(2). Leave should be freely given when justice so requires. *Id.* In determining whether to grant leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Not all of the factors merit equal consideration; prejudice is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). The Ninth Circuit has construed Rule 15(a) broadly, requiring that leave to amend be granted with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987).

4

## DISCUSSION

I.      Prejudice

Defendant argues that it would be unduly prejudicial to add Cashwell as a class representative at this stage in the litigation. Defendant contends that it will have to conduct additional investigation into Cashwell's work history, break practices and knowledge of the putative class and class claims. Docket No. 91 (Opposition) at 5. While the addition of Cashwell will mean that defendant will have to depose Cashwell and perhaps conduct some additional written discovery, it is unlikely that defendant will have to significantly redo and expand either its factual investigation or its pre-certification discovery, notwithstanding defendant's claims in its opposition. *Id.* Nor is defendant's argument that defendant will have to develop new defense strategies convincing since Cashwell is already a member of the putative class and since plaintiffs seek to substitute him for Delagarza, who held the exact same position under very similar or identical circumstances at the Golden Eagle refinery. Fang Dec. ¶¶ 7-8. Given these facts, defendant's defense strategy should not be subject to any significant alteration. Accordingly, the court concludes that amending the complaint to add Cashwell as a named plaintiff and class representative would not be unduly prejudicial to defendant.

II.     Undue Delay

Defendant argues that the addition of Cashwell as a class representative would result in undue delay. Defendant's argument is largely based on the upcoming briefing schedule and hearing date currently set for class certification. Defendant contends that the discovery process with respect to named plaintiffs is largely completed. There is some dispute between the parties, however, as to the progress and status of the discovery process. For example, while defendant argues that it has largely completed its discovery process and that discovery specific to Cashwell would require that the briefing schedule be extended by at least one month, plaintiffs point out that defendant has yet to depose Antonio Garcia, who was added in October 2010. Plaintiff also alleges that despite repeated

1  requests, defendant has failed to produce any representatives for deposition. Docket No. 94 (Fang
2  Dec.) ¶¶ 7-10. In this light, defendant's characterization of the state of its discovery efforts appears
3  less than compelling. While defendant will have to depose and serve written discovery upon
4  Cashwell, it is unlikely that defendant would have to engage in the copious amounts of additional
5  discovery that defendant suggests this amendment would require. In addition, plaintiffs have agreed
6  to stipulate to an expedited discovery schedule and to produce Cashwell for deposition forthwith.
7  Given these facts, while other discovery disputes or defendant's own recalcitrance may very well
8  result in an undue delay, the addition of Cashwell will not.

### III.    Bad Faith, Futility and Previous Amendment

Plaintiffs do not bring this motion in bad faith. On January 26, 2011, Delagarza informed plaintiffs' counsel that he did not wish to continue to serve as a putative class representative. Fang Dec. ¶ 6. Plaintiffs argue that the inclusion of Delagarza as a class representative was necessary to ensure that the requirements of Rule 23 would be met. Accordingly, plaintiffs bring this motion because it is their belief that Delagarza's decision to discontinue his participation as a class representative creates a vulnerability with respect to plaintiffs' attempt to certify a class. Given these facts, the court finds no bad faith in plaintiffs' motion to amend.

Nor is plaintiffs' motion futile because defendant is certain to argue against class certification on the grounds that the class representatives' claims are neither common nor typical of the class. Without the participation of Delagarza, or Cashwell in his stead, plaintiffs' ability to argue for class certification will certainly be impaired.

The court, however, is mindful of the fact this is plaintiffs' fourth attempt to amend the complaint, and plaintiffs have had ample opportunity to plead their best case. Even given the extraordinary liberality that the Ninth Circuit endorses, four amended complaints pushes the limits. In light of the particular circumstances here with respect to Delagarza's sudden and unexpected withdrawal, however, in addition to the court's conclusions above, plaintiffs' motion for leave to file a fourth amended complaint is GRANTED only as to the addition of Cashwell as a named plaintiff and class representative.

6

1  Given the court's conclusion with respect to plaintiff's motion for leave to file a fourth
2  amended complaint, the court need not reach plaintiffs' motion to intervene.

4  CONCLUSION
5  Plaintiffs' motion for leave to file a fourth amended complaint is GRANTED.

7  IT IS SO ORDERED.

9  Dated:  April 20, 2011

   _____
   MARILYN HALL PATEL
   United States District Court Judge
   Northern District of California